## DEMING INV. CO. v. BOLTHROP.

No. 9206—Opinion Filed March 25, 1919.

(179 Pac. 753)

(Syllabus.)

**Mortgages — Release by Attorney — Liability for Penalty.**

Section 4022, Rev. Laws 1910, provides: "Release by Attorney. Any agent or attorney duly authorized to collect the debt secured thereby shall have power and authority to release a mortgage, and a request made of such agent or attorney who shall have collected the debt shall bind the holder of the mortgage the same as if made to him in person, and bind him to pay a like penalty." Held, that the last clause, "and bind him to pay a like penalty," refers to the holder of the mortgage; and further held, that the demand for the release from the agent or attorney fully authorized to collect the mortgage debt will render the holder liable for the penalty provided for in section 4023 the same as if such demand for release were made upon the holder in person.

Error from District Court, Love County; W. F. Freeman, Judge.

Action by W. M. Bolthrop against the Deming Investment Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

J. C. Counts, S. F. Brady, and H. A. Kroeger, for plaintiff in error.

R. A. Keller, for defendant in error.

HARRISON, J. This action is based upon sections 4022 and 4023, Rev. Laws 1910, which read as follows:

"4022. Release by Attorney. Any agent or attorney duly authorized to collect the debt secured thereby shall have power and authority to release a mortgage, and request made of such agent or attorney who shall have collected the debt shall bind the holder of the mortgage the same as if made to him in person, and bind him to pay a like penalty."

"4023. Holder must Release. If the holder of any mortgage on real estate shall neglect or refuse for ten days after being requested by the mortgagor, his agent or attorney, to release such mortgage, such holder of a mortgage shall forfeit and pay to the mortgagor one per centum of the principal debt per diem from and after the expiration of such ten days to be recovered in a civil action in any court having jurisdiction thereof, but such request must be in writing and describe the mortgage and premises with reasonable certainty and be accompanied by the expenses of filing and recording such release."

The decisive question involved in the case is whether the agent or attorney referred to in section 4022, upon failure to execute a release of a mortgage, is personally liable for the penalties for which the holder is made liable in section 4023, and a determination of this question depends upon whether the last clause in section 4022, to wit, "and bind him to pay a like penalty," refers to the agent or attorney, or to the holder of the mortgage. In the opinion of the court said clause refers to the holder, and binds the holder for the same penalty in case his agent or attorney fails to execute release that such holder would be bound in case demand were made upon him in person. This conclusion is reached by the connection in the following words: "And request made of such agent or attorney who shall have collected the debt shall bind the holder of the mortgage the same as if made to him in person, and bind him to pay a like penalty"—that is, the same penalty as if the request were made of him in person. This conclusion decides the case.

The trial court construed the clause, "and bind him to pay a like penalty" to refer to the agent or attorney and rendered a personal judgment against the plaintiff in error, as agent of the holder of the mortgage for the penalties provided for in section 4023. In this we think the court erred for the reason that, as we view it, the statute means that, where the agent or attorney referred to in section 4022 fails to execute a release or fails to obtain a release from the holder, the demand for such release upon such agent or attorney will bind the holder for a like penalty as if such demand were made upon the holder himself.

It is also contended by plaintiff in error that the demand for release of mortgage did not describe the mortgaged property with sufficient certainty, and that the last remittance accompanying such demand was not sufficient to cover the principal and interest due and leave a balance sufficient to pay the expense of filing and recording the mortgage release. These contentions, we think, are without merit, at any rate a proper release was finally executed and sent to the mortgagor upon the description of the mortgaged property which accompanied the last remittance and demand for release. The trial court held that the amount remitted and the description of the mortgaged property were in all things a substantial compliance with the statute, and from the record we think the court was correct in such conclusion.

However, for the reason that the court misconstrued section 4022, supra, the judgment is reversed, and the cause remanded.

All the Justices concur.